UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN JOHNSON, No. 753595,

       Plaintiff,                    Case Number: 2:22-CV-10540
                                        Hon. Nancy G. Edmunds

v.

ELIZABETH AUSTIN, ET AL.,

       Defendant.
_____/

## ORDER DENYING PLAINTIFF'S
## MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff Darren Johnson, a state inmate incarcerated at the G. Robert Cotton Correctional Facility, in Jackson, Michigan, filed a *pro se* civil rights complaint on March 7, 2022. (ECF No. 7.) On May 20, 2022, the Court issued an order dismissing, in relevant part, defendants Don, Lamb, Nader, Russell, and Kisior. (ECF No. 6.) On May 27, 2022, Plaintiff filed a motion to alter or amend this order pursuant to Fed. R. Civ. P. 59(e), arguing that, in dismissing these claims, the Court failed to apprehend the nature of his allegations. He seeks reinstatement of the dismissed defendants.

A motion brought under Rule 59(e) may be properly analyzed as a motion for reconsideration pursuant to E.D. Mich. LR 7.1. *See Thomas v. State of Michigan*, No. 17-13756, 2018 WL 2948029, at *1 (E.D. Mich. June 13, 2018). Local Rule 7.1(h)(2) provides that a motion for reconsideration may be brought where, as relevant here, the

moving party alleges "[t]he court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record that was before the court at the time of its prior decision." E.D. Mich. L.R. 7.1(h)(2).

Plaintiff challenges the Court's decision to dismiss defendants Don, Lamb, Nader, Russell, and Kisior, because a claim that these defendants failed to properly or adequately respond to grievances fails to state a claim upon which relief may be granted. (ECF No. 6, PageID.96-97.) Plaintiff attempts to clarify that his claims against these defendants were filed under the First *and* Eighth Amendments. He argues that the Court should have allowed him to proceed with his Eighth Amendment claim.

Indeed, the complaint raised an Eighth Amendment claim against the dismissed defendant. However, the Eighth Amendment claim was based on the defendants' grievance responses. "The denial of a grievance is not the same as the denial of a request to receive medical care." *Martin v. Harvey*, 14 Fed. App'x 307, 309 (6th Cir. 2001). Plaintiff failed to allege specific facts in his complaint sufficient to find that his claims against these defendants arose out of conduct other than grievance responses. Therefore, Plaintiff fails to show that dismissing these defendants was a mistake warranting relief.

Accordingly, the Court DENIES Plaintiff's Motion to Alter or Amend

Judgment (ECF No. 7.) It is conceivable that Plaintiff may be able to allege specific facts sufficient to support his claim against these defendants. The denial of this motion is without prejudice to Plaintiff's ability to file an amended complaint seeking to cure this defect. He may do so by timely filing a motion to amend complaint AND the proposed amended complaint . *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."); *Brown v. Matauszak*, 415 Fed. App'x 608, 615 (6th Cir. 2011) ("[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." (internal quotation marks and citations omitted)).

    SO ORDERED.

                                        s/ Nancy G. Edmunds
                                        NANCY G. EDMUNDS
                                        UNITED STATES DISTRICT JUDGE

Dated: July 6, 2022