UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARREN JOHNSON,

    Plaintiff,

v.

ELIZABETH AUSTIN, *et al.*,

    Defendants.

_____/

Case No. 22-10540

Honorable Nancy G. Edmunds

**ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S
OCTOBER 30, 2023 REPORT AND RECOMMENDATION [64]**

Plaintiff Darren Johnson brings this prisoner civil rights lawsuit under 42 U.S.C. § 1983 alleging that Defendants Kristen Austin and Brian Stricklin ("Defendants") were deliberately indifferent to his chronic back condition in violation of the Eighth Amendment. The case has been referred to Magistrate Judge David R. Grand for all pre-trial matters. (ECF No. 13.) Before the Court is the Magistrate Judge's October 30, 2023 report and recommendation to deny Plaintiff's motion for partial summary judgment and grant Defendants' motions for summary judgment.[1] (ECF No. 64.) Plaintiff has filed an objection. (ECF No. 65.) For the reasons below, the Court OVERRULES Plaintiff's objection and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation.

**I.      Standard of Review**

Under Federal Rule of Civil Procedure 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.

---

[1] The Magistrate Judge also denied two motions to strike (ECF Nos. 58, 61) in a footnote in the report. (ECF No. 64, PageID.570 n.2.)

1

The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *See also* 28 U.S.C. § 636(b)(1). The "district court is not required to articulate all of the reasons it rejects a party's objections." *See Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citation omitted).

## II.     Analysis

Plaintiff disagrees generally with the report and recommendation and argues that the Magistrate Judge did not apply the correct standard of review. The Court has reviewed the report and recommendation, however, and finds that the Magistrate Judge carefully reviewed the record and correctly found that even when considering the evidence in the light most favorable to Plaintiff, there is no genuine issue of material fact regarding either the objective or subjective components of his deliberate indifference claims against Defendants. Despite Plaintiff's insistence that he did not receive any treatment for his back condition, medical records show that Plaintiff was examined by medical providers and received medical care. (*See* ECF No. 64, PageID.584 (citing ECF No. 50-1, PageID.394-421).) Thus, without expert testimony, Plaintiff cannot succeed on his deliberate indifference claim. *See Phillips v. Tangilag*, 14 F.4th 524, 537-39 (6th Cir. 2021). Plaintiff's objection is therefore overruled, and the Court will enter judgment in favor of Defendants as recommended by the Magistrate Judge.

## III.     Conclusion

For the foregoing reasons, the Court OVERRULES Plaintiff's objection and ACCEPTS AND ADOPTS the Magistrate Judge's report and recommendation (ECF No.

2

64). Accordingly, Plaintiff's motion for partial summary judgment (ECF No. 38) is DENIED, and Defendants' motions for summary judgment (ECF Nos. 50, 52) are GRANTED.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: November 28, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 28, 2023, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager